GRACE H. DAVISON, TRUSTEE, *vs.* THE SAFE DE-POSIT AND TRUST COMPANY.

*Trusts—Power of Trustee to Transfer Part of the Estate to Beneficiary Under Terms of Will.*

A testator gave and bequeathed his estate to his wife in trust for her own use during her life, with full power and authority to use and expend from time to time not merely the income but any part of the principal, should she deem it for the best interest of herself and their children. After his wife's death, the estate was bequeathed to a third party as trustee to pay the income to the two daughters of the testator, and the trust was to continue until their death. The testator's wife, as trustee, held 3017 shares of the capital stock of a chemical company, and administered the estate under the direction of a Court of equity. She applied for an order of Court authorizing her to transfer absolutely to each of her two daughters, five hundred shares of the said stock. *Held*, that the power given to the trustee to use the principal of the estate was not intended to authorize any part of the *corpus* of the estate not consumed, to be transferred to the daughters, upon their marriage or coming of age, but the testator intended that the estate should be held in trust so long as either his wife or their daughters lived.

Appeal from the Circuit Court of Baltimore City (STOCKBRIDGE, J,)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*S. A. Williams*, for the appellant.

*David Fowler* and *John B. Deming* (with whom was *Geo. Whitelock* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court of Baltimore City sustaining a demurrer to a petition filed by the appellant in her own right and as trustee under the last will of her late husband, Calvin T. Davison. The purpose of the petition was to procure the Court's authority for a proposed absolute transfer and delivery by the appellant to her two daughters of certain stocks forming part of the trust estate created by the will. The vital inquiry raised by the appeal is whether the proposed transfer of stocks was within the powers conferred by the will upon the appellant, and its solution requires a construction of that instrument.

The will is a brief one, and in order to make plain its entire scope and purpose we here insert all of it except its formal opening and conclusion. It is as follows:

"I give, devise and bequeath all my estate, real, personal and mixed, to my wife, Grace H. Davison, in trust, for her own use for and during her natural life, with full power and authority to invest, convert and reinvest the same, and to use and to expend from time to time not merely the income, but any part of the principal, should she deem it for the best interest of herself and our children to do so."

"After the death of my said wife, I give, devise and bequeath all my estate which may remain undisposed of by her, to the Safe Deposit and Trust Company of Baltimore, in trust, to hold and invest the same, with full power to sell and convert investments and to reinvest from time to time as fully as I could, if living, looking at all times to the safety of the investment rather than the income to be derived therefrom, and

to pay over the net income to my two daughters, Edith and Grace, in equal shares, for and during their respective natural lives, with power to each of my said daughters to dispose, by will, of one-half of the principal of this trust."

"I hereby constitute and appoint my friends, John H. Wight, of Baltimore County, and Stevenson A. Williams, of Harford County, to be the executors of this my last will and testament, with full power and authority to sell and convey any and all of my property, real and personal, for the purpose of carrying into effect the provisions of this will, and of passing my estate over to my wife as trustee, in condition for safe and convenient investment."

After the administration of the estate had been completed by the executors they turned over to the appellant as trustee the net balance consisting of three thousand and seventeen shares of the Davison Chemical Company of Baltimore City of the par and appraised value of one hundred dollars per share. An appropriate suit for that purpose having been instituted, the Circuit Court on May 10th, 1904, by its decree assumed jurisdiction of the trusts created by the will, and directed the appellant to proceed with their execution under its direction and supervision. In that suit the present petition was filed.

The petition after setting forth the terms of the will and, reciting the facts which we have mentioned further stated. "Your petitioner shows that by the terms of said will she is empowered "to use and expend from time to time not merely the income, but any part of the principal, should she deem it for the best interests of herself and our children to do so," and she is advised that by the true construction of said power she may give a part of the principal of said trust estate to her said daughters 'should she deem it for their and her best interest. That since the death of the testator the elder of his daughters has married Charles Wilbur Miller and the younger has come of age, and your petitioner believes it wise that a reasonable provision should be made for them in their own right, and she has accordingly determined, in exercise of such

power and authority, subject to the approval of this Honorable Court, to transfer, assign and deliver absolutely, in their respective individual right, and free of trust, to Edith Davison Miller, one of said daughters, five hundred shares, and to Grace Davison, the other of said daughters, another five hundred shares of the capital stock of the Davison Chemical Company of Baltimore County, Maryland, and she desires that this petition shall be taken and considered as an exercise of the aforesaid power."

The prayer of the petition was for an order of Court authorizing and empowering the appellant to transfer, assign and deliver the stock to her two daughters. The appellee demurred to the petition and the Court sustained the demurrer by the order appealed from.

The precise question to be determined by us is whether the proposed absolute transfer, by the appellant to her daughters, of the stock mentioned in the petition was a legitimate exercise of the undoubted power conferred on her by the will to *"use and expend* not merely the income *but any part of the principal* (of the trust estate) should she deem it for the best interests of herself and our children to do so." The terms of this power are very broad in so far as they relate to the extent of the estate that might be affected by its exercise, but the words "use and expend" which define the power itself are of a more restricted character, especially when construed in the light of their context.

The general scheme of the testator as maifested by his will obviously was to dedicate the beneficial use of his estate to his wife for her life and then to his daughters in equal shares for their lives, but the legal estate in the property was during all of these lives to remain vested in the trustees. He did not pursue the plan frequently adoped by testators of giving an equitable life interest in the estate to his wife with the remainder to his children absolutely, but he expressly directed the trust to continue until the death of the children. In order to facilitate the management of the trust estate he gave to the trustees the powers usually conferred upon trustees for that

purpose.    He then, by a direction somewhat inconsistent with
the previous devise to his wife of an equitable life estate in all
of the trust property, authorized her to use and expend for
the best interests of herself and their children not merely the
income, but also in her discretion any part of the principal.
The authority to *use* and *expend* part of the principal is not
given independently, but is coupled with and made secondary
and supplemental to that to appropriate the income to the uses
of herself and children.    The just inference to be drawn from
these terms of the will is that the testator, conscious of the
vicissitudes to which even the best investments are exposed,
intended to provide more perfectly for the comfort and inde-
pendence of his wife and children by supplying "from time to
time" out of the principal of the estate any insufficiency of the
income to maintain them in that style of living which she might
deem to be for their best interest.

    The fact that the will provides for the recurrent exercise
*from time to time* of this discretionary power to consume a part
of the principal strongly indicates that it was intended only to
provide for such emergencies as might be expected to occa-
sionally arise in the life of the family, and was not intended to
authorize a change in the form of title to any portion of the
*corpus* of the estate not so consumed.    That the testator in-
tended the *corpus* of the estate, not thus consumed to continue
to be held in trust is apparent from the fact that he named
in his will the Safe Deposit and Trust Company as the trustee
to hold it after the death of his wife for the benefit of his
daughters so long as they lived.    The appellant would under
a fair construction of the power be authorized to use and ex-
pend a reasonable portion or the principal of the estate to pro-
vide for the exceptional outlay incident to the marriage of the
daughters, but the power cannot be so expanded by construc-
tion as to justify the withdrawal in bulk from the trusts of the
will of substantial parts of the *corpus* of the estate, and hand-
ing them over absolutely to the daughters in their own right
under the guise of providing them with marriage portions.

    If the power under consideration were to be given the con-

struction necessary to support the proposed transaction set up in the appellant's petition it would be brought in conflict with the predominant general intent of the testator as manifested by his will of giving to his wife and daughters only equitable interests in the portions of his estate dedicated to their respective use. In that event the power would be defeated under the established rule of construction of wills that where the general and particular intent are inconsistent the latter must be sacrificed to the former. *Slingluff* v. *Johns*, 87 Md. 277; *Taylor* v. *Watson*, 35 Md. 519; *Simpers* v. *Simpers*, 15 Md. 160; *Chase* v. *Lockerman*, 11 G. & J. 185.

We deem it unnecessary to enter upon a comparison of the terms of the present will with those of the wills which were construed in .the several cases cited upon the briefs of counsel. None of those wills bore a very close resemblance to that of Mr. Davison, and in each of the cases cited the Court found in the circumstances surrounding the particular testator, or the form of expression used by him, or the general intent of his will or in all of those facts taken together the grounds of the conclusions reached in the opinion.

We are satisfied from the face of the will itself in the present case, giving to each of its parts such a construction as to make it effective in harmony with the others, that the power conferred upon the appellant to use and expend portions of the *corpus* of the trust estate was not intended to authorize such a transaction as that set out in the appellant's petition which proposes to withdraw one-third of the estate from the trust and hand it over to the daughters absolutely. The Circuit Court had therefore no jurisdiction to authorize or approve that transaction in the present suit which was instituted for the administration of the trusts of the will. The demurrer was properly sustained by the Circuit Court and the order appealed from must be affirmed.

*Order affirmed with costs.*

(Decided. June 14th, 1906.)